UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEXTER ANDERSON,     : | |
|     Petitioner,     : | |
|                             : | |
|     v.     : | Case No. 3:15cv1364(VAB) |
|                             : | |
| D.K. WILLIAMS, Warden,     : | |
|     Respondent.     : | |

**<u>RULING ON THE REMAINDER OF RELIEF REQUESTED IN PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER</u>**

Petitioner, Dexter Anderson, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his security classification and conditions of confinement at the Federal Correctional Institution at Danbury ("FCI Danbury"). Petition, ECF No. 1. Along with his Petition, Mr. Anderson also filed a motion for a preliminary injunction and temporary restraining order. Mot. for Preliminary Injunction and Temporary Restraining Order, ECF No. 4. The Court resolved part of that motion in a prior Order, dismissing all but one of the requests for relief. Order to Show Cause and Partial Ruling on Motion for Preliminary Injunction and Temporary Restraining Order 4, ECF No. 9. In the same Order, the Court also directed the Respondent (1) to show cause why the Petition should not be granted and (2) to respond to the only remaining aspect of the motion for a preliminary injunction, regarding Mr. Anderson's requests for medical appointments and tests. *Id.* at 1.

The Respondent has filed a motion to dismiss the Petition addressing these two issues. Mot. to Dismiss, ECF No. 14. Mr. Anderson filed an objection to the motion to dismiss over a week after his deadline to respond had expired. Response, ECF No. 18. Because Mr. Anderson is *pro se* and the Respondent does not object to the filing's timing, the Court will consider this late filing.

For the reasons that follow, the remainder of the relief requested in the Motion for a Preliminary Injunction and Temporary Restraining Order, ECF No. 4, is **DENIED**.  The Court will address the merits of the Petition at a later date.

### I. Motion for a Preliminary Injunction and Temporary Restraining Order [ECF No. 4]

Preliminary injunctive relief "is an extraordinary and drastic remedy [ ] that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).  To show entitlement to a preliminary injunction, the moving party must demonstrate (a) that he or she will suffer "irreparable harm" in the absence of an injunction, and (b) either (1) a "likelihood of success on the merits or (2) sufficiently serious questions going to the merits [of the case] to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief."  *Cacchillo v. Insmed, Inc.,* 638 F.3d 401, 405-06 (2d Cir. 2011) (internal quotation marks and citation omitted).

In the only part of his motion that the Court has yet to address, Mr. Anderson seeks a preliminary injunction compelling the Respondent to provide him with various medical tests and appointments.  In particular, Mr. Anderson claims that in June and July 2015, medical officials at FCI Danbury approved requests that he undergo an MRI of his back, a consultation with an ear, nose and throat specialist to address his complaints of ear and throat pain and swollen lymph nodes, a consultation with a cardiologist with regard to his complaints of chest pain, and a follow-up appointment with an orthopedist to address his back and knee pain.  Mot. for Preliminary Injunction and Temporary Restraining Order 2, ECF No. 4.  He includes Utilization Review Notification forms

with his motion, which indicate that he was approved for the following: an MRI on June 24, 2015, an appointment with an ear, nose, and throat specialist on July 28, 2015, and an appointment with a cardiologist on June 30, 2015. *Id.* at 6-8. He contends that he has not been sent for any of these tests, appointments or consultations.

The Respondent argues that the Court should deny Mr. Anderson the preliminary injunction he seeks because he has already received "a robust course of medical care" that "has been clinically appropriate and provided in accordance with BOP policy." Mot. to Dismiss Br. 7-8, ECF No. 14-1. In support of this argument, Respondent has provided the Declaration of Captain Darin D. Daly. Daly Decl., ECF No. 14-3. Captain Daly is a commissioned officer in the United States Public Health Service and currently serves as a Health Services Administrator at the FCI Danbury. *Id.* ¶1.

Health Services Administrator Daly declares that Mr. Anderson underwent an MRI of his back on November 9, 2015 at Danbury Hospital, saw an ear, nose and throat specialist on October 14, 2015, and saw a cardiologist on November 25, 2015. *See id.* ¶¶8-10. In accordance with the prescriptions of these specialists, Mr. Anderson has been seen for various types of follow-up testing after these appointments, including a CT scan of his neck on January 6, 2016 and further cardiology testing that was scheduled for March 2016. *See id.* ¶¶9-10. A physician reviewed the results of the CT scan, examined Mr. Anderson, and recommended that he undergo surgery to remove a benign tumor in his salivary gland. *See id.* ¶9. The Bureau of Prisons is in the process of scheduling this surgical procedure. *See id.*

With respect to Mr. Anderson's orthopedic conditions involving his back and knee, Health Services Administrator Daly declares that Mr. Anderson has been enrolled in the Orthopedic Chronic

3

Care Clinic since November 2009.  *See id.* ¶7.  Through his enrollment in the Orthopedic Chronic Care Clinic, a physician examines Mr. Anderson at least once a year or more, if his medical symptoms require it.  *See id.*  Furthermore, a list of visits with medical specialists reflects that Mr. Anderson was seen by an orthopedist at FCI Danbury in February 2015 and February 2016.  *See* Daly Decl. Ex. 3, ECF No. 14-3.  Mr. Anderson has also seen medical specialists nine times since July 1, 2014.  Daly Decl. ¶6, ECF No. 14-3.

In his objection to the Respondent's Motion to Dismiss, Mr. Anderson concedes that he has undergone "several" medical treatments, including an examination by a cardiologist and a CT scan.  *See* Response 10, ECF No. 18; Anderson Aff. ¶34, ECF No. 18-1.  He also acknowledges that the ear, nose and throat specialist has recommended surgery to remove a tumor.  Anderson Aff. ¶35, ECF No. 18-1.

In view of the various types of testing and examinations that Mr. Anderson has undergone since filing his motion for injunctive relief in September 2015, there is no evidence to suggest that the Respondent has been deliberately indifferent to his medical needs.  The Court concludes that Mr. Anderson has not shown that he is subject to imminent harm with regard to his cardiac, orthopedic, back, knee or throat conditions.

## II. Additional Request for Injunctive Relief Made in Mr. Anderson's Response to the Motion to Dismiss [ECF No. 18]

In his response to the Respondent's Motion to Dismiss, Mr. Anderson also seeks additional injunctive relief to ensure that he undergoes the surgery to remove his tumor as soon as possible.  Response 10, ECF No. 18; Anderson Aff. ¶36, ECF No. 18-1.  Because this request was not in Mr. Anderson's Motion for a Preliminary Injunction and Temporary Restraining Order, it should have

been made in a separate, new motion.  Notwithstanding the improper form of this request, the Court will address it.

Health Services Administrator Daly has declared that officials at FCI Danbury are in the process of scheduling the surgery.  Daly Decl. ¶9, ECF No. 14-3.  There are no allegations in Mr. Anderson's response to indicate that he might not receive the surgery in a timely manner.  Thus, Mr. Anderson's claim regarding the scheduling of surgery for his benign tumor cannot be considered a claim of imminent harm.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983) (injunctive relief cannot be provided if claimed injury is speculative or remote); *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (to demonstrate irreparable harm, plaintiff must show an "injury that is neither remote nor speculative, but actual and imminent") (citations and internal quotation marks omitted).  Accordingly, this additional request for injunctive relief must be denied.

### III. Conclusion

For the reasons set forth above and in the Court's prior Ruling, ECF No. 9, the Motion for a Preliminary Injunction and Temporary Restraining Order [**ECF No. 4**] is **DENIED** in its entirety. The additional request for an injunction to ensure that Mr. Anderson's tumor surgery occurs in a timely manner is also **DENIED**.

SO ORDERED at Bridgeport, Connecticut this 26th day of May 2016.

 /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE