UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DEXTER ANDERSON, | : | |
| Petitioner, | : | |
| v. | : | Case No. 3:15-cv-1364 (VAB) |
| D.K. WILLIAMS, Warden, | : | |
| Respondent. | : | |

**ORDER TO SHOW CAUSE**

Petitioner, Dexter Anderson, currently incarcerated at the Federal Correctional Institution in Danbury, CT, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his security classification and conditions of confinement at FCI Danbury. Petition, ECF No. 1. His petition includes an allegation that Respondent and other prison officials have violated his Eighth Amendment rights by being deliberately indifferent to his medical needs. *Id.*

On November 28, 2016, Petitioner filed a motion for a temporary restraining order. ECF No. 20. He requests an order directing Respondent and other prison officials to refrain from transferring him until his motion for an Emergency Preliminary Injunction can be heard and decided. *Id.* at 1. He also asks the court to issue an injunction requiring Respondent to provide him with outside medical tests and medical treatments without further delay. *Id.* at 2. Respondent is ordered to show cause why Mr. Anderson's request for a preliminary injunction to require follow-up appointments and tests regarding his salivary cancer should not be granted, as described in more detail below.

In Petitioner's writ of habeas corpus, he alleged that Respondent violated his Eighth Amendment rights by, among other things, making him wait for an average of six or seven months before seeing medical specialists.  Mem. of L. in Supp. Of Petition, ECF No. 2, 23.  In his Petition, Mr. Anderson added that FCI Danbury officials approved his request for a consultation with an Ear, Nose & Throat ("ENT") specialist regarding a swollen lymph node in his throat, but had, at the time of filing, not scheduled the appointment.  *Id.* at 24.  When he filed his petition, Mr. Anderson also moved for a Preliminary Injunction directing Respondent to, among other things, schedule the follow-up appointment with the ENT specialist.  Mot. for Preliminary Injunction 2-3, ECF No. 4.  On May 26, 2016, the Court denied the Motion.  Order, ECF No. 19.  The Court declined to enter an injunction regarding the medical tests because the record showed that Mr. Anderson had been examined by an ENT specialist who had recommended surgery to remove the tumor and the surgery was in the process of being scheduled.  *Id.* at 3-4.

Petitioner initially expressed concern about a tumor removed in July 2016.  This tumor may not have been as benign, as the Health Services Administrator had represented in the earlier TRO proceedings.  Mr. Anderson, in fact, had a malignant tumor in his salivary gland.  Motion for Temporary Restraining Order, ECF No. 20, 5; *Id.* at Ex. A-B.  In August, he was examined by two doctors: Dr. Fama, who removed the tumor, and Dr. Spera, a Radiation Oncologist who examined Mr. Anderson on Dr. Fama's referral.  *Id.* at 6-7.  Both doctors apparently recommended follow-up treatment.  Dr. Spera recommended radiation therapy within six-eight weeks of the surgery to minimize chances of the cancer's recurrence and Dr. Fama asked to re-examine Mr. Anderson every three months.  *Id.* at 8; *Id.* at Ex. B, Report of Dr. Anthony Fama; Ex. C, letter from Dr. John Spera, p. 1 & 5, (noting that "pathology was positive for an acinic

cell carcinoma" and that "ideally radiation should begin 6-8 weeks post-op to minimize changes of recurrence.").

On August 26, Petitioner began to feel excruciating pain around the surgical site and requested a visit with Dr. Fama.  In early September, a doctor in FCI Danbury Health Services, Dr. Robert Greene, requested an "urgent" consultation with an ENT on behalf of Mr. Anderson, with a scheduled target date of September 07, 2016.  *Id.* at 9.  FCI Danbury has not yet granted any of Mr. Anderson's requests for follow-up medical examinations.

Petitioner seeks an order restraining Respondent and other prison officials from transferring him until his motion for an Emergency Preliminary Injunction can be heard and decided.  He also seeks an emergency preliminary injunction ordering Respondent to facilitate his follow-up medical treatment.  *Id*.  Respondent is ordered to show cause why this relief should not be granted with respect to the post-surgical follow-up appointments that Mr. Anderson requested and that his doctors recommended.

The Clerk of Court is directed to forward a copy of this Order and the Motion for Temporary Restraining Order, ECF. No. 20, to Assistant Attorney General Alan M. Soloway.  On or before December 9, 2016, Respondent shall file a response showing cause why relief requested should not be granted.

SO ORDERED at Bridgeport, Connecticut this 2nd day of December 2016.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE