UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DEXTER ANDERSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 3:15-cv-1364 (VAB) |
| | : | |
| D.K. WILLIAMS, Warden, | : | |
| | : | |
| Respondent. | : | |

**RULING ON PETITIONER'S MOTION FOR
TEMPORARY RESTRAINING ORDER**

Petitioner, Dexter Anderson, currently incarcerated at the Federal Correctional Institution in Danbury, CT, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his security classification and conditions of confinement at FCI Danbury.  Petition, ECF No. 1.  His petition includes an allegation that Respondent and other prison officials have violated his Eighth Amendment rights by being deliberately indifferent to his medical needs.  *Id.*

On November 28, 2016, Petitioner filed a motion for a temporary restraining order.  ECF No. 20.  He requests an order directing Respondent or other prison officials to refrain from transferring him until his motion for an Emergency Preliminary Injunction can be heard and decided.  *Id.* at 1. He also asks the Court to issue an injunction requiring Respondent to provide him with outside medical tests and medical treatments without further delay.  *Id.* at 3.  On December 2, 2016, the Court ordered the Respondent to show cause why Petitioner's requests should not be granted.  Order to Show Cause, ECF No. 21.  Respondent complied with this order and submitted a response on December 8, 2016.  Response, ECF No. 22.

A district court is not required to conduct an evidentiary hearing on a motion for a preliminary injunction when "essential facts are not in dispute." *Maryland Cas. Co. v. Realty*

*Advisory Bd. on Labor Relations*, 107 F.3d 979, 984 (2d Cir. 1997).  Furthermore, court may decide to issue a preliminary injunction without a hearing if the defendant does not request one or if no material facts are in dispute.  *See* 13-65 Moore's Federal Practice - Civil § 65.21 (2016); *Drywall Tapers & Pointers, Local 1974 v. Local 530 of Operative Plasterers & Cement Masons Int'l Ass'n*, 954 F.2d 69, 77 (2d Cir. 1992 ) ("When parties are content in the district court to rest on affidavits, the right to an evidentiary hearing is waived."); *Redac Project 6426, Inc. v. Allstate Insurance Co.*, 402 F.2d 789, 790 (2d Cir. 1968) ("There is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it"). Upon review of the record, the Court determines that oral testimony and argument are not necessary in this case.

### I. Motion for Preliminary Injunction

Preliminary injunctive relief "is an extraordinary and drastic remedy … that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).  To show entitlement to a preliminary injunction, the moving party must demonstrate (a) that he or she will suffer "irreparable harm" in the absence of an injunction, and (b) either (1) a "likelihood of success on the merits or (2) sufficiently serious questions going to the merits [of the case] to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Cacchillo v. Insmed, Inc.,* 638 F.3d 401, 405-06 (2d Cir. 2011) (internal quotation marks and citation omitted).  To demonstrate irreparable harm, plaintiff must show an "injury that is neither remote nor speculative, but actual and imminent."  *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citations and internal quotation marks omitted). *See also City of Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983) (injunctive relief cannot be provided if claimed injury is speculative or remote).

Petitioner asks the Court to issue an injunction requiring Respondent to provide him with outside medical tests and medical treatments that doctors recommended to him after diagnosing him with acinic cell carcinoma and removing a malignant tumor from his salivary gland.  Motion for Temporary Restraining Order, ECF No. 20, 3.  In August, he was examined by two doctors: Dr. Fama, who removed the tumor, and Dr. Spera, a Radiation Oncologist who examined Mr. Anderson on Dr. Fama's referral.  *Id.* at 6-7.  Both doctors recommended follow-up treatment. On August 26, Petitioner began to feel excruciating pain around the surgical site and requested a visit with Dr. Fama.  In early September, a doctor in FCI Danbury Health Services, Dr. Robert Greene requested an "urgent" consultation with an ENT on behalf of Mr. Anderson, with a scheduled target date of September 07, 2016.  *Id.* at 9.  In his request for injunctive relief, Mr. Anderson alleged that FCI Danbury had not yet granted any of Mr. Anderson's requests or scheduled the recommended follow-up procedures.  *Id.*

Respondent argues that "Petitioner has been provided with a robust course of treatment that would preclude allegations of deliberate indifference."  Response to Order to Show Cause, ECF No. 22, 2.  Respondent also provided a Declaration from Angela Dukate, Lieutenant Commander in the United States Public Health Service ("USPHS") and Health Services Administrator at FCI Danbury.  *See id.* at Ex. 1, ECF No. 22-1, Dukate Decl., ¶1.

Lieutenant Commander Dukate's Declaration contradicts the representations that Petitioner made in his Motion for a Temporary Restraining Order.  Specifically, she declares that Mr. Anderson stated to Dr. Greene that he would "forego any decision on whether to begin curative post-operative radiotherapy until he had a chance to review his medical records," calling into question his claim that he had requested and not received follow-up radiation treatment.  *Id.* at 12.  Dukate also declares that Mr. Anderson met with Dr. Bard, an Otolaryngologist at Advanced Specialty Care, on November 30, 2016, two days after he moved for a temporary restraining order.  *Id.* at 15.  Eventually, Respondent also scheduled Anderson for a Radiation Oncology visit on December 7.  *Id.* at 16.

Given this evidence of Respondent's willingness to schedule follow-up treatments and examinations for Mr. Anderson, Petitioner's claim of deliberate indifference to his medical needs cannot be sustained.

To prevail on an Eighth Amendment claim in the medical treatment context, a prisoner plaintiff must prove two elements: (1) a deprivation that is "sufficiently serious," i.e., a deprivation that presents a "condition of urgency, one that may produce death, degeneration, or extreme pain," and (2) reckless indifference, that is, "defendants were aware of plaintiff's serious medical needs and consciously disregarded a substantial risk of serious harm." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied sub nom. Foote v. Hathaway*, 513 U.S. 1154 (1995).  The failure to comply with prescribed treatment can constitute deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (deliberate indifference to medical needs can be evidenced by prison officials "intentionally denying or delaying access to medical care or intentionally interfering with … treatment once prescribed").  However, "mere disagreement over the proper treatment" does not create a violation and "negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

For the purposes of this inquiry, the Court assumes that the delay of several months in scheduling Mr. Anderson's follow-up treatments is a "sufficiently serious" deprivation of his rights.[1] However, in addition to demonstrating a serious medical need to satisfy the objective component of

---

[1] Where temporary delays or interruptions in the provision of medical treatment have been found to satisfy the objective seriousness requirement in the Second Circuit, they have involved either a needlessly prolonged period of delay, or a delay which caused extreme pain or exacerbated a serious illness. *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) ("When the basis for a prisoner's Eighth Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone in analyzing whether the alleged deprivation is, in objective terms, sufficiently serious, to support an Eighth Amendment claim").  This is a fact-intensive inquiry that involves an assessment of the harm caused by the delay. *See, e.g., Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006) (presuming, for purposes of this appeal, that a five-month delay in treatment for Hepatitis C caused sufficiently serious harm); *Chance*, 143 F.3d at 702 (six-month delay in treatment for dental condition that led to infection and extreme pain).

the deliberate indifference standard, Mr. Anderson must also show that he is likely to succeed on the second component of his deliberate indifference claim.  He must present evidence that, subjectively, the charged prison officials acted with "a sufficiently culpable state of mind." *Hathaway*, 37 F.3d at 66.

Courts in the Second Circuit have found prison officials deliberately indifferent when their behavior was "a substantial departure from accepted professional judgment and that the evidence of risk was sufficiently obvious to infer the defendants' actual knowledge of a substantial risk to plaintiff." *Stevens v. Goord*, 535 F. Supp. 2d 373, 385 (S.D.N.Y. 2008) (citation omitted).  Here, the Respondent has provided a declaration describing the petitioner's appointments within two months of his post-surgery referral.  While Respondent may not have addressed Mr. Anderson's needs as quickly as he wanted —especially given his allegations of "excruciating pain"—it provided Mr. Anderson with the opportunity to speak with Dr. Ylagan, a neurologist, and P.A. Cesar Villa, within two months of his request for treatment.  Later in November, an Otolaryngologist evaluated Mr. Anderson and made a plan with him for further assessment of his cancer.

Respondent's delay in scheduling Mr. Anderson's follow-up appointment, after his cancerous tumor had already been removed, was not "repugnant to the conscience of mankind" or "incompatible with the evolving standards of decency that mark the progress of a maturing society." *Estelle*, 429 U.S. at 105-06.  *See also Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) (noting that some delays in receiving medical treatment are common even outside the prison context).  Without more evidence, the Court cannot conclude that Mr. Anderson is likely to succeed on the merits of his deliberate indifference claim.   For this reason, Mr. Anderson's request for preliminary injunctive relief is DENIED.

## II. Request for a Temporary Restraining Order

In the Second Circuit, "[t]he same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order." *Stagliano v.*

*Herkimer Cent. Sch. Dist.*, 151 F. Supp. 3d 264 (N.D.N.Y. 2015); *Local 1814 Int'l Longshoreman's Ass'n v. New York Shipping Assoc., Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992) (standard for TRO is the same as preliminary injunction standard).  Irreparable harm is the "most significant condition which must be present to support the granting of a temporary injunction." *Capital City Gas Co. v. Phillips Petroleum Co.*, 373 F.2d 128, 131 (2d Cir. 1967) (citation omitted); *Reuters Ltd. v. United Press Int'l., Inc.*, 903 F.2d 904, 907 (2d Cir. 1990) ("the moving party must first demonstrate that [irreparable] injury is likely before the other requirements for the issuance of an injunction will be considered.").  As with a request for preliminary injunctive relief, a party irreparable harm must be shown by the moving party to be "actual and imminent." *Grand River Enter. Six Nations, Ltd.*, 481 F.3d at 66.

      Petitioner requests a Temporary Restraining Order directing Respondent or other prison officials to refrain from transferring him until his motion for an Emergency Preliminary Injunction can be heard and decided.  Motion for Temporary Restraining Order, 1.  There are no facts in Mr. Anderson's motion indicating that he might be transferred in the near future.  He has failed to show that he will suffer probable irreparable harm, as required for the granting of a temporary restraining order.  For this reason, his request for a temporary restraining order is DENIED.

      SO ORDERED at Bridgeport, Connecticut this 13th day of December 2016.

      /s/ Victor A. Bolden
      VICTOR A. BOLDEN
      UNITED STATES DISTRICT JUDGE