UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DEXTER ANDERSON,
    Plaintiff,

v.

WARDEN D.K. WILLIAMS,
    Defendant.

No. 3:15-cv-1364 (VAB)

**RULING AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Dexter Anderson ("Plaintiff"), *pro se*, currently incarcerated at Oxford Federal Correctional Institution, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 against Warden Herman Quay, Pl. Petition, ECF No. 1, who was substituted by Warden D.K. Williams on February 5, 2016. ECF No. 10. Mr. Anderson alleges that the Defendant and Bureau of Prison ("BOP") officials violated his First, Fifth, and Eighth Amendment rights, while he was incarcerated at Danbury Federal Correctional Institution ("Danbury FCI") in Danbury, Connecticut. *Id.*

    Mr. Anderson argues that BOP: (1) retaliated against him for filing lawsuits and prison grievances by adding or retaining a Public Safety Factor (PSF) of "greatest severity" in his record, (2) denied him due process by retaining the PSF of "greatest severity," and (3) was deliberately indifferent to his medical needs and subjected him to unconstitutional conditions of confinement. *Anderson v. Williams*, No. 3:15CV1364 (VAB), 2017 WL 855795, at *5 (D. Conn. Mar. 3, 2017). Essentially, Plaintiff sought removal of the PSF from his record and relocation from Danbury FCI. Pl. Mem. of Law, ECF. No. 2, at 5, 17-28. On March 3, 2017, the Court granted in part and denied in part the Defendant's motion to dismiss. Mot. to Dismiss, ECF No. 14; *Anderson*, 2017 WL 855795.

The Court granted the motion to dismiss with regard to the second ground of Plaintiff's petition, that BOP deprived him of a "liberty interest in his security classification based on the assignment of a particular PSF." *Anderson*, 2017 WL 855795, at *9. The Court found no such liberty interest and therefore determined that Mr. Anderson "fail[ed] to state a claim upon which his request for relief may be granted." *Id*.

The Court simultaneously denied without prejudice the motion to dismiss ground one, that BOP violated Mr. Anderson's First Amendment rights by assigning him a PSF of "greatest severity" in retaliation against his constitutionally protect speech or conduct, *id*. at *9, and the motion to dismiss ground three, BOP's deliberate indifference to Mr. Anderson's medical needs and unconstitutional conditions of confinement. *Id*. at *5.

On June 18, 2018, Defendant filed a motion for summary judgment under Fed. Rule Civ. Pro. 56(a). Mot. for Summ. J., ECF No. 28. Defendant argues that there is no genuine issue to be tried, in part, because: (1) Plaintiff's PSF was removed from his record while he was at Danbury FCI; (2) Plaintiff's transfer to Oxford FCI deprives the Court of jurisdiction; and (3) Plaintiff's prison conditions claim was confined to Danbury FCI. *Id*. at 2. The Court agrees.

For the reasons set forth below, the Court now **GRANTS** Defendant's motion for summary judgment, dismisses the remaining parts of Plaintiff's petition, and orders the case closed.

I. **STANDARD OF REVIEW**

At every stage of a case, a court must consider whether it has jurisdiction. "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S. Ct. 2330, 2334, 45 L.

Ed. 2d 272 (1975). A case is deemed moot where the problem sought to be remedied has ceased, and where there is "no reasonable expectation that the wrong will be repeated." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996)(quoting *Preiser*, 422 U.S. at 401) (internal citations and quotations omitted). "Under this reasoning, a transfer from a prison facility moots an action for injunctive and declaratory relief against the transferring facility because the prisoner is no longer located there." *Prins*, 76 F.3d at 506; *see also Keitt v. New York City*, 882 F. Supp. 2d 412, 449 (S.D.N.Y. 2011) ("[A] transfer from a prison facility moots an action for injunctive and declaratory relief against the transferring facility because the prisoner is no longer located there.").

## II. DISCUSSION

Upon review of Plaintiff's petition[1], Defendant's motion for summary judgment, and Plaintiff's response in opposition to the motion for summary judgment, the Court finds Mr. Anderson's petition moot. Pl. Petition, Mot for Summ. J., Pl. Resp. in Opp. to Mot. Summ. J., ECF No. 29. Before leaving Danbury FCI, BOP removed Mr. Anderson's PSF. Mem. in Support of Mot. for Summ. J., ECF 28-5, at 7. That removal made Mr. Anderson eligible for transfer out of Danbury FCI to a prison camp. *Id*. On August 15, 2017, BOP transferred Mr. Anderson to a camp in Duluth, Minnesota. *Id*. Danbury FCI therefore no longer has control over Mr. Anderson's medical care because Mr. Anderson is no longer incarcerated at Danbury FCI.

While Mr. Anderson concedes that his medical care, living condition, and PSF claims all originate from his incarceration at Danbury FCI, and that the Court "does lack jurisdiction over

---

[1] More specifically, Mr. Anderson petitioned the court for four forms of injunctive and declaratory relief: (1) to remove his PSF for Greatest Severity; (2) to order BOP officials to timely address his medical concerns and provide medical consultations; (3) to order BOP officials to address the living conditions and prison overcrowding at Danbury FCI; and (4) to issue a temporary restraining order and preliminary injunction. Mem. in Support of Pl.

[the] claims in his § 2241 petition since he is no longer housed at FCI Danbury. [Mr. Anderson] does not desire to have his complaint transferred . . ." Pl. Resp. in Opp. to Mot. Summ. J. at 2, 4. Plaintiff further contends that he would prevail on his § 2241 claim, but does not indicate what relief would follow.

The Court finds that the case is moot.[2] Mr. Anderson's desired remedy of removal of the PSF designation has been achieved and he has been transferred as a result away from Danbury FCI, resulting in the mooting of any other claims based on conditions at that facility. *Prins*, 76 F.3d at 506 ("a transfer from a prison facility moots an action for injunctive and declaratory relief against the transferring facility because the prisoner is no longer located there."). As a matter of law, Mr. Anderson no longer has any viable claims. Defendants' motion for summary judgment therefore must be granted.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment, ECF No. 28, is **GRANTED**.

The case is dismissed **WITH PREDJUDICE**, and the Clerk is respectively requested to close the file.

**SO ORDERED** at Bridgeport, Connecticut, this 26th day of September, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

Petition, ECF No. 2, at 27.

[2] To the extent that Mr. Anderson has issues regarding conditions at a facility no longer within the Court's jurisdiction, venue rests, if at all, in another court, not this one. See *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.'" (citation omitted)); *Billiteri v. United States Board of Parole*, 541 F.2d 938, 948 (2d Cir. 1976) ("In order for a court to entertain a habeas corpus action, it must have jurisdiction over the petitioner's custodian.").